IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) ) ) ) | No. 81459-1-I |
| ROBERT ALLEN JACKSON III, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) ) | |

VERELLEN, J. — In this personal restraint petition, Robert Jackson III contends that the Indeterminate Sentence Review Board (ISRB) abused its discretion because there was insufficient evidence to support its conclusion that Jackson would more likely than not commit another sex offense if conditionally released.

But the ISRB reviewed Jackson's ISRB report, testimony from various witnesses, and the "totality of evidence and information" presented. We afford great deference to the ISRB's decision, and conclude that sufficient evidence supported the ISRB's denial of Jackson's conditional release.

Therefore, we deny his petition.

FACTS

On January 18, 2008, a jury convicted Robert Jackson III of first degree rape. The court sentenced him to an indeterminate sentence of 160 months to

life.[1] On June 5, 2019, the ISRB held Jackson's second release hearing pursuant to RCW 9.95.420 to determine whether Jackson should be released or whether he should remain incarcerated because a preponderance of the evidence established that he would more likely than not commit another sex offense if released.

Before rendering its decision, the ISRB reviewed Jackson's ISRB file and heard testimony from a Department of Corrections (DOC) classifications counselor, a sex offender treatment and assessment program (SOTAP) specialist, and Jackson.

The ISRB denied Jackson's request for a conditional release, stating: (1) Jackson committed 17 serious infractions for drugs, violence, and possession of sexually explicit materials, (2) Jackson received multiple negative behavioral observations, and (3) the end of sentence review committee (ESRC) classified Jackson at a risk level of "high[ly] violent" for likelihood to commit another sex offense upon release.[2]

The ISRB concluded that "[b]ased on the burden of proof set out in RCW 9.95.420 and the totality of evidence and information provided to the Board, the Board does find by a preponderance of the evidence that Mr. Jackson is more

---

[1] On March 11, 2018, Jackson pleaded guilty to second degree child molestation. Jackson was sentenced to 42 months to run concurrent with his first degree rape conviction. He has served his entire sentence on his conviction for second degree child molestation.

[2] Resp't's Br. Ex. 1, Att. B at 2.

likely than not to commit a sex offense if released on conditions."[3]  Consistent with RCW 9.95.420, the ISRB added 24 months to his minimum term.

Jackson challenges the ISRB's decision.

ANALYSIS

Jackson contends that the ISRB abused its discretion by failing to "set forth" sufficient facts to support its conclusion that he would more likely than not commit a sex offense if conditionally released.[4]

In reviewing an ISRB decision, we do not act as a "super" ISRB.[5]  Rather, we defer to the ISRB's decision finding an inmate not releasable and setting a new minimum term by reviewing it for an abuse of discretion.[6]

"'The ISRB abuses its discretion when it fails to follow its own procedural rules for parolability hearings or acts without consideration or in disregard of the facts.'"[7]  "Disregarding the evidence and supporting its decision with speculation and conjecture also constitutes an abuse of discretion."[8]  The burden is on the

---

[3] Resp't's Br. Ex. 1, Att. B at 1.

[4] Personal Restraint Petition (PRP) at 3-6.

[5] In re Pers. Restraint of Whitesel, 111 Wn.2d 621, 628, 763 P.2d 199 (1988).

[6] In re Pers. Restraint of Dyer, 175 Wn.2d 186, 196, 283 P.3d 1103 (2012).

[7] In re Pers. Restraint of Brashear, 6 Wn. App. 2d 279, 285, 430 P.3d 710 (2018) (quoting In re Pers. Restraint of Dyer, 157 Wn.2d 358, 363, 139 P.3d 320 (2006)).

[8] Id. at 285-86 (citing Dyer, 157 Wn. 2d at 369).

petitioner to establish that the ISRB abused its discretion.[9]

As part of the end of sentence review process and before the expiration of the offender's minimum term, the department "shall conduct, and the offender shall participate in, an examination of the offender, incorporating methodologies that are recognized by experts in the prediction of sexual dangerousness, and including a prediction of the probability that the offender will engage in sex offenses if released."[10]

Specifically, RCW 9.95.420(3)(a), provides:

> [N]o later than ninety days before expiration of the minimum term, but after the board receives results from the end of sentence review process and the recommendations for additional or modified conditions of community custody from the department, the board shall conduct a hearing to determine whether it is more likely than not that the offender will engage in sex offenses if released on conditions to be set by the board.[11]

Under WAC 381-90-150, the ISRB can consider the following nonexclusive factors: (1) the inmate's refusal to participate in available programs or resources designed to reduce the risk of reoffense, (2) the inmate's "serious and repetitive" disciplinary infractions during incarceration, (3) the inmate's continuing intent or propensity to engage in sex offenses, (4) the inmate's statements or declarations of intent not to comply with community custody, and (5) the inmate's "actuarial assessments" identifying the inmate's risk of sexual reoffense.

---

[9] In re Pers. Restraint of Addleman, 151 Wn.2d 769, 776, 92 P.3d 221 (2004).

[10] RCW 9.95.420(1)(a).

[11] RCW 9.95.420(3)(a).

Here, before rendering its decision, the ISRB reviewed Jackson's ISRB file and heard testimony from the DOC classification counselor James Leffew, the SOTAP specialist Susan Colville, and Jackson. Leffew stated that Jackson received four positive, one neutral, and 17 negative behavior observations. The ESRC report documented Jackson's 17 serious infractions for assault, possession and use of marijuana and methamphetamine, and possession of sexually explicit materials, among other related offenses. And Jackson scored the highest risk level on the Static-99R actuarial risk assessment. Accordingly, the ESRC found that Jackson's risk level classification was "high[ly] violent" and that if released, he presented a "high risk of sexual reoffense within the community at large."[12] In its decision, the ISRB considered "the totality of evidence and information provided to the Board."[13] Especially in view of the great deference we afford the ISRB, sufficient evidence supported the ISRB's denial of Jackson's conditional release. The ISRB did not abuse its discretion.

Jackson relies on In re Personal Restraint of Brashear[14] to support his proposition that insufficient evidence supports the ISRB's conclusion that more likely than not he would commit another sex offense if released.

In Brashear, a juvenile pleaded guilty to first degree murder, first degree assault, first degree burglary, and was sentenced to 614 months.[15] After serving

---

[12] Resp't's Br. Ex. 1, Att. B at 2; Resp't's Br. Ex. 1, Att. H at 1.

[13] Resp't's Br. Ex. 1, Att. B at 1.

[14] 6 Wn. App. 2d 279, 430 P.3d 710 (2018).

[15] Id. at 281.

5

20 years, Brashear petitioned for her release under RCW 9.94A.730(3), which the ISRB denied.[16] The ISRB reasoned that even though her psychologist assessed her at a "low risk" to reoffend, she would benefit from continued therapy, she had received multiple infractions during the first 10 years of her sentence, and she committed serious crimes that warranted further incarceration.[17] This court reversed and held that the ISRB abused its discretion because there was not sufficient evidence to overcome the presumption of release under RCW 9.94A.730(3).[18] This court reasoned that there was no evidence to contradict the psychologist's finding that Brashear presented a "low risk" of reoffense, the ISRB failed to acknowledge that she received no infractions for the latter 10 years of her sentence, and the ISRB incorrectly considered the severity of her crimes.[19]

But unlike Brashear, Jackson committed his crime as an adult, he petitioned for his release under RCW 9.95.420, his last serious infraction occurred only six months before his ISRB hearing, and the ESRC determined that Jackson presented a high risk of sexual reoffense. Jackson fails to establish the ISRB incorrectly evaluated the factors prescribed by RCW 9.95.420 and WAC 381-90-150 or relied on insufficient evidence in denying Jackson's conditional release.

---

[16] Id. at 282.

[17] Id. at 287-89.

[18] Id. at 288-89.

[19] Id. at 287-89.

Next, Jackson contends that the ISRB abused its discretion because the ISRB failed to explain why committing certain infractions while incarcerated correlates to a higher risk of sexual reoffense. Specifically, Jackson argues that the ISRB must establish a "nexus" between "prison behavior" and sexual reoffense.[20] But under WAC 381-90-150, the ISRB can consider the "serious and repetitive disciplinary infractions during incarceration." Because Jackson does not provide any authority to support his proposition that the ISRB must establish a "nexus," his argument is not compelling.[21]

Jackson also contends that the ISRB abused its discretion in relying on the Static-99R actuarial tool in assessing his risk of sexual reoffense. A Static-99R combines ten "variables using a predetermined, numerical weighting system to determine future risk of reoffense."[22] It operates as an "actuarial measure of risk for sexual offense recidivism."[23]

Specifically, Jackson argues that "while the Static-99R may be a useful tool for determining community supervision, it is a dubious tool to be used to determine parole."[24] Because the Static-99R has limited predictive value, Jackson contends

---

[20] PRP at 6-7.

[21] In a related argument, Jackson contends that the ISRB is only entitled to consider recent infractions. But because WAC 381-90-150 does not contain a temporal requirement and Jackson committed an infraction only six months before his ISRB hearing, his argument is not compelling.

[22] In re Det. of Thorell, 149 Wn.2d 724, 753, 72 P.3d 708 (2003); see Resp't's Br. Ex. 1, Att. H. at 3.

[23] Resp't's Br. Ex. 1, Att. H at 2.

[24] PRP at 7.

this court should remand to the trial court for a factual determination whether it can be used in this context. But, consistent with RCW 9.95.420(1)(a), the Static-99R is one of the "methodologies that [is] recognized by experts in the prediction of sexual dangerousness."

Further, Washington cases generally recognize the admissibility of the Static-99R regarding the risk of recidivism.[25] Jackson cites cases recognizing limitations on the predictive value of the Static-99R[26] but cites no authority that it is no longer recognized by experts as a predictive tool. Even as a "moderate predictor of sexual re-offense" as described by the Department of Corrections, the ISRB is still statutorily permitted to consider the Static-99R, as the assessment "reveals the long-term probability that an adult male sexual offender will be convicted of a new sexual offense,"[27] and the ISRB can exercise its discretion to determine the evidentiary weight of the test as a predictive tool in this setting. Jackson argues the ISRB relied entirely upon the Static-99R, but the record does not support this contention. The ISRB expressly considered the entire record before it.

Finally, Jackson contends that the ISRB abused its discretion because it failed to adequately consider a less restrictive option of release to the community

---

[25] See Thorell, 149 Wn.2d at 758.

[26] United States v. Farley, 607 F.3d 1294, 1322 (11th Cir. 2010); United States v. McIlrath, 512 F.3d 421, 425 (7th Cir. 2008); United States v. Wetmore, 766 F. Supp. 2d 319, 335 (D. Mass. 2011).

[27] Resp't's Br. Ex.1, Att. H at 2.

under appropriate conditions.  But the ISRB reviewed the ESRC's report which included proposed community custody conditions if the ISRB found Jackson was entitled to a conditional release.  And the ISRB rendered its decision based upon "the totality of evidence and information provided to the Board."[28]  Jackson fails to establish that the ISRB did not consider a less restrictive option.[29]

Jackson does not establish that the ISRB abused its discretion.  Therefore, we deny his petition.

_____

WE CONCUR:

_____          _____

---

[28] Resp't's Br. Ex. 1, Att. B at 1.

[29] Jackson cites sexually violent predator cases to support his contention that the ISRB is required to consider a less restrictive option on the record.  But in this setting, sexually violent predator cases are inapposite.